UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

David Shaneyfelt     Matthew Kleiner

**Proceedings:**    ZOOM HEARING RE: MOTION TO DISMISS (Dkt. 12, filed on MAY 24, 2024)

## I. INTRODUCTION

Presently before the Court is defendant's motion to dismiss plaintiff's complaint. Dkt. 12.

On March 12, 2024, plaintiff Dedicato Treatment Center, Inc. ("Dedicato") filed a complaint against defendant Aetna Life Insurance Company ("Aetna") alleging six causes of action: (1) breach of contract; (2) breach of implied contract; (3) breach of the implied covenant of good faith and fair dealing; (4) promissory estoppel; (5) quantum meruit; and (6) unfair competition. Dkt. 1-1 ("Compl.").

On April 17, 2024, defendant removed the case to this Court. Dkt. 1.

On May 24, 2024, Aetna filed the instant motion to dismiss. Dkt. 12 ("MTD"). It additionally attached a request for judicial notice. Dkt. 12-2 ("RJN"). On June 14, 2024, defendant Aetna filed a notice of supplemental authority flagging a newly published opinion, Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co., 103 F.4th 597 (9th Cir. 2024). Dkt. 13. On June 17, 2024, plaintiff filed an opposition to Aetna's motion to dismiss. Dkt. 14 ("Opp."). On June 24, 2024, defendant filed a reply. Dkt. 15 ("Reply"). On the same day, defendant filed a request for judicial notice of licensed plans listed on the California Department of Managed Health Care's website and of Aetna's company profile on the California Department of Insurance website. Dkt. 16.

On July 8, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

## II.   BACKGROUND

Plaintiff alleges the following facts in its complaint.

Plaintiff is a California-based corporation that offers drug and alcohol treatment services, with its principal place of business in Pasadena, California. See Compl. ¶ 1. Defendant is an insurance company with its principal place of business in Hartford, Connecticut. See Dkt. 1 ¶ 8.

Plaintiff seeks to recover costs associated with substance abuse treatments that it provided to three patients ("Patients"), each of whom was covered under a health insurance plan offered by defendant. Compl. ¶ 7. It alleges that its claims are "not based on any of the provisions in [the Patients'] healthcare insurance plans, but [rather] on the specific representations [defendant] made to [plaintiff]." Id.

Plaintiff is an "out of network" provider for the Patients. Id. ¶ 20. This means that it does not have a contract with defendant for the provision of healthcare services to the Patients. Id. ¶¶ 16, 20. According to plaintiff, out-of-network healthcare arrangements involve the healthcare providers billing the insurance company for what the provider "believes is the reasonable value for the services it has rendered," which "is typically the provider's full billed rates." Id. ¶ 18. The insurance company then "pays what [the insurance company] believes [is] the reasonable value of services rendered, which may or may not be the provider's full billed rates." Id. ¶ 18.

Additionally, whenever a patient requests substance abuse treatment, plaintiff contacts defendant to confirm that the patient is eligible for treatment under an Aetna healthcare plan—this process is called a "Verification of Benefits" ("VOB"). Id. ¶9. As part of the VOB process, defendant confirms that (1) the patient is covered under one of defendant's healthcare plans; (2) the patient is eligible for the treatment requested; and (3) the healthcare provider (here, plaintiff) meets defendant's eligibility requirements to provide the treatment requested. Id. ¶ 9. Defendant will not provide a VOB if any of these criteria are not met, and plaintiff will not generally provide treatment in the absence of a VOB. Id. Defendant has advised plaintiff and other healthcare providers that it reserves the right to refuse to pay for any treatment if a provider fails to obtain defendant's advance approval for the course of treatment. Id. ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL         'O'

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

    Here, defendant provided plaintiff with a VOB for each of the Patients. Id. ¶ 10. Plaintiff then screened each patient and prepared a recommended course of treatment. Id. ¶ 11. Dedicato representatives subsequently spoke with Aetna representatives and provided plaintiff's recommended course of treatment for each Patient. Id. ¶¶ 10-12. Defendant approved the recommended courses of treatment and provided plaintiff with treatment authorization numbers. Id. ¶ 13. Plaintiff then proceeded to provide the recommended treatments to the Patients and invoiced defendant for the full billed rates of the services provided, totaling $704,400.00. Id. ¶¶ 14-15, 20, 22.

    Plaintiff alleges that plaintiff and defendant "agreed that [plaintiff] would be paid the reasonable value of [plaintiff]'s services." Id. ¶ 20. It believes that its full billed rates, totaling $704,400.00, "represent[s] the reasonable value of its services." Id. Defendant has paid $146,222.55. Id. ¶ 22. Plaintiff thus claims that defendant owes $599,041.55 in unpaid services. Id. ¶ 25.

### III. LEGAL STANDARD

    A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

    In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Defendant moves to dismiss plaintiff's complaint, arguing that (1) plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), § 514(a), 29 U.S.C. § 1144(a); and (2) plaintiff's complaint fails to state a plausible claim for relief. MTD at 1-2. The Court discusses each issue in turn.

### A.   ERISA Preemption

Defendant argues that plaintiff's claims are all preempted by ERISA. ERISA provides "a uniform regulatory regime over employee benefit plans" and "includes expansive preemption provisions." Aetna Health Inc. v. Davila, 542 U.S. 200, 208

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

(2004). There are two basic types of ERISA preemption: (1) "conflict preemption" under § 514(a) of 29 U.S.C. § 1144(a); and (2) "complete preemption" under § 502(a) of ERISA, 29 U.S.C. § 1132(a). Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944–45 (9th Cir. 2009). "All of these preemption provisions defeat state-law causes of action on the merits." Fossen v. Blue Cross and Blue Shield of Montana, Inc., 660 F.3d 1102, 1107 (9th Cir. 2011). Defendants only argue that conflict preemption applies in this case. See MTD at 13 ("Aetna, by this motion[,] is not arguing complete preemption, but rather conflict preemption under ERISA § 514(a)."). Accordingly, the Court analyzes solely whether plaintiff's claims are barred by conflict preemption under Section 514(a).

Section 514(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Section 514(a) thus requires two things: (1) the policy or plan at issue must constitute an "employee benefit plan," and (2) the state law claims must "relate to" that employee benefit plan. Plaintiff does not appear to dispute that the Patients' healthcare plans are employee benefit plans. See Opp. at 5 (arguing only that plaintiff's claims "have no 'reference' to an ERISA plan[] and [] have no 'impermissible connection to' an ERISA plan"). Accordingly, for the purposes of this motion, the Court finds that the Patients' plans constituted employee benefit plans.[1] The Court proceeds to analyze whether plaintiff's claims "relate to" ERISA plans.

The Supreme Court has further identified two categories of state-law claims that "relate to" an ERISA plan— (1) claims that have a "reference to" an ERISA plan; and (2) claims that have "an impermissible 'connection with'" an ERISA plan. Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 665 (9th Cir. 2019). A state-law claim has a "reference to" an ERISA plan if it "is premised on the existence of an ERISA plan" or if "the existence of the plan is essential to the claim's survival." Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co., 103 F.4th 597, 602 (9th Cir. 2024). "A claim has an impermissible connection with an ERISA plan if it governs a central matter of plan administration or interferes with nationally uniform plan administration, or if it bears on an ERISA-regulated relationship." Id. at 604.

---

[1] Defendant has also attached the Patients' health plans and a declaration confirming that they are governed by ERISA. MTD at 10; Dkt. 12-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

Defendant argues that "relate to" preemption applies here because plaintiff's claims "are premised on [its] calls to Aetna . . . [seeking] information from the Patients' ERISA health plans." MTD at 11 (emphasis added). It contends that its obligation to pay plaintiff for services provided to the Patients "arises only because the Patients participated in ERISA-governed plans." Id. at 12. It further asserts that any representations it made to plaintiff "were based on, or related to, the individual Patients' health plans, as opposed to promises of specific amounts related to specific services to be provided by [p]laintiff." Id. Thus, plaintiff's claims "necessarily depend on the existence and terms of ERISA-governed plans." Id. Moreover, "[a]llowing [p]laintiff to prevail on any of its causes of action would require the court to disregard the Patients' health plans." Id.

In its notice of supplemental authority, defendant submitted the Ninth Circuit's recent opinion in Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co., 103 F.4th 597 (9th Cir. 2024). In Bristol, the Ninth Circuit held that the plaintiff's claims were preempted because they both had a "reference to" and an "impermissible connection with" ERISA plans administered by the defendant. Id. at 602. There, the plaintiff brought state law breach of contract and promissory estoppel claims against an insurance company to recover reimbursements after the defendant withheld payment upon discovering that plaintiff was engaging in impermissible fee-forgiving.[2] Id. at 599. The plaintiff alleged that the defendant breached independent contractual obligations that arose from previous VOB phone calls. Id. at 604.

The Ninth Circuit held that the plaintiff's state law claims had a "reference to" ERISA benefits plans because, when the healthcare provider called the defendant to verify patient benefits, "the context of this communication concerned whether reimbursement was available under the ERISA plans that [defendant] administer[ed]." Id. at 603. Thus, the Court held that the plaintiff was "attempting to secure plan-covered payments discussed via phone through the alternative means of state contract law," and as such, plaintiff's claims were "ERISA benefits claim[s] in the garb of [] state law." Id. at 603 (citing Dishman v. UNUM Life Ins. Co. of America, 269 F.3d 974, 983 (9th Cir. 2001)).

---

[2] Fee-forgiving refers to a practice whereby a healthcare provider fails to collect financial contributions (co-pays, deductibles, etc.) that plan participants are required to pay under their plans.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

The Ninth Circuit also held that the plaintiff's state law claims had an "impermissible connection" with an ERISA plan because allowing the plaintiff's state law claims to proceed would "unduly intrude on a 'central matter of plan administration,' namely [defendant]'s overarching system of verifying out-of-network coverage and authorizing treatment by phone, while later conditioning reimbursement on whether a medical provider has secured the proper financial contributions from plan participants." Id. at 604 (citing Depot, 915 F.3d at 666). The plaintiff's state law claims would also impermissibly interfere with nationally uniform plan administration because, if insurers were bound to representation made during VOB and authorization calls, "benefits would be governed not by ERISA and the plan terms, but by innumerable phone calls and their variable treatment under state law." Id. at 605.

In opposition, plaintiff argues that its claims have "zero relation" to ERISA and, therefore, are not preempted. Opp. at 5. In support, it cites the Ninth Circuit's decision in Marin General Hospital v. Modesto & Empire Traction Co., 581 F.3d 941 (9th Cir. 2009). There, a healthcare provider called a prospective patient's insurance company to verify coverage. Id. at 943. The insurance company orally agreed to cover 90% of the patient's medical expenses, but later refused to make such payment. Id. The healthcare provider filed suit in state court and the insurance company removed to federal court, arguing complete preemption under ERISA § 502(a). Id. at 943-44. The Ninth Circuit held that the claims were not completely preempted and remanded the case back to state court. Id. at 951. It did *not* address whether the provider's claims were barred by conflict preemption. See id. at 949 ("Defendants are free to assert in state court a defense of conflict preemption under § 514(a), but they cannot rely on that defense to establish federal question jurisdiction."). Accordingly, the Court finds that the Ninth Circuit's opinion in Marin is inapposite.[3]

---

[3] Moreover, Marin is factually distinguishable. There, the provider alleged that the insurance company made an explicit oral promise to cover 90% of the patient's medical expenses. Marin, 581 F.3d at 943. By contrast, here, plaintiff does not allege that defendant made any explicit promise to pay for the Patients' treatment. Rather, plaintiff's claims are based on an alleged course of business whereby the insurance company would pay for the reasonable value of treatment provided. See Compl. ¶ 16 (alleging that "[h]ealthcare insurance companies and healthcare providers follow a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

Plaintiff also argues that Bristol is distinguishable. First, it contends that its claims have no "reference to" any Aetna plan. Opp. at 8. While plaintiff concedes that "the existence of the plan is what caused [it] to contact Aetna" in the first place, plaintiff emphasizes that it "is an out of network provider which means, by definition, *it had no contract with Aetna*." Id. at 9 (emphasis in original). It also argues that in Bristol, the provider was quoted a reimbursement rate for its services, which was determined by the patients' healthcare plans. Id. at 8-9 (citing Bristol, 2024 WL 2801531 at *2). By contrast, here, plaintiff alleges that it "had no discussion about price during the VOB and authorization process." Id. at 9. Thus, plaintiff clarifies that it "does *not* allege a right to 'reimbursement' under Aetna's plan;" rather, it "alleges a right to be paid the reasonable value of services it provided to Aetna's insureds and which Aetna promised to pay." Id. Finally, plaintiff argues that Bristol is distinguishable because, there, the provider was subject to an ERISA plan provision prohibiting "fee-forgiveness." Id. at 11. Here, "'fee-forgiveness' or other disqualifying provisions play no role whatsoever under [plaintiff's] claims." Id. at 10.

Plaintiff also argues that its claims do not bear an impermissible connection to Aetna's operations. Opp. at 11. As discussed above, in Bristol, the Ninth Circuit held that "permitting state law liability on [the provider's] claims would unduly intrude on a 'central matter of plan administration,' namely, [the insurance company's] overarching system of verifying out-of-network coverage and authorizing treatment by phone, while later conditioning reimbursement on whether a medical provider has secured the proper financial contributions from plan participants." Bristol, 103 F.4th 597 at 604. Plaintiff argues that this reasoning does not apply to the instant case because, "[u]nlike the provider in Bristol, Dedicato did not agree to accept any potential plan provision." Id. at 12. It notes that Aetna "fail[ed] to insist (or even mention) that plan provisions control." Id. It requests that, at the minimum, it should be "permitted the opportunity for discovery to find out how and why Aetna authorized [plaintiff], as an out-of-network provider, to treat Aetna's patients, without any reference to any plan provisions." Id. at 13.

---

peculiar arrangement regarding pricing for services rendered by . . . 'out of network' healthcare providers . . . . Pricing is not discussed during the VOB or during any of the treatment authorizations"); id. ¶ 18 ("[T]he healthcare insurance company pays what it believes are the reasonable value of services rendered, which may or may not be the provider's full billed rates"); id. ¶ 19 ("Parties know and agree that work will be done, that it will be invoiced later, and paid later, *although no specific price is agreed upon*.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

Otherwise, out-of-network providers will surely "flee all opportunities [to form binding contracts with insurance companies] if [such] companies are able to later stiff them for services rendered after the fact." Id.

In reply, defendant again argues that plaintiff's claim makes "reference to" an ERISA plan. It contends that "[t]he application of conflict preemption under section 514(a) to this matter is similar to its very recent application in Bristol" and provides a summary of the Ninth Circuit's reasoning. Reply at 8. Defendant also argues that Marin is distinguishable because it "involves an analysis of complete preemption, which is not what is at issue here." Id. at 9.

The Court finds that plaintiff's claims are barred by conflict preemption pursuant to ERISA § 514(a) because they "relate to" ERISA-governed plans. Specifically, the Court finds that plaintiff's claims (1) make "reference to" ERISA plans; and (2) bear an impermissible "connection with" ERISA plans. As the Ninth Circuit recognized in Bristol:

> When [the healthcare provider] called [the prospective patients' health insurance company] to verify out-of-network coverage, the context for this communication concerned whether reimbursement was available under the ERISA plans that [the insurance company] administers. There is no dispute that the patients were indeed covered by the plans, and when [the healthcare provider] sought preauthorization to perform certain treatments, it was seeking clearance to provide what all agree were plan-covered services.
>
> . . .
>
> By attempting to secure plan-covered payments discussed via phone through the alternative means of state contract law, [the healthcare provider] is seeking to obtain through a [state contract] remedy that which [it] could not obtain through ERISA. This effort triggers preemption.

Bristol, 103 F.4th at 603 (internal quotations omitted).

Importantly, the Ninth Circuit was careful not to limit its holding to disputes involving fee-forgiveness: "Subjecting plan administrators to the prospect of binding contracts through pre-treatment calls would thus risk stripping them of their ability to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

enforce plan terms that cannot be applied prior to treatment, *whether related to fee-forgiving or otherwise*." Bristol, 103 F.4th at 605 (emphasis added).

Here, plaintiff's claims are similarly premised on its VOB call to defendant to confirm coverage and to obtain pre-authorization for treatment. Plaintiff concedes that "the existence of the plan is what caused Dedicato to contact Aetna and see if Aetna would agree to pay Dedicato for the treatment of Aetna's plan participants." Opp. at 9. The gravamen of its complaint is that the amount paid by defendant, pursuant to the terms of the Patients' healthcare plans, was less than the reasonable value of services rendered. Thus, the Court finds that plaintiff's claims are premised on the existence of an ERISA plan. See Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co., No. CV 19-0709 PSG (ADSX), 2022 WL 18232296, at *8 (C.D. Cal. Dec. 9, 2022) ("The Plan is the reason Sure Haven called to verify benefits and seek authorization to provide services to Cigna-insured patients, and that then led to Cigna's alleged promise to pay a percentage of the UCR for those services. On that basis, the Court finds that the claims are preempted"); Healthcare Ally Mgmt. of California, LLC v. WSP USA, Inc., No. CV 22-4814-DMG (PVCX), 2024 WL 2880204, at *4 (C.D. Cal. May 1, 2024) ("Plaintiff does not dispute that it would not have called Aetna in the first place but for the existence of the health plan. Under these circumstances, the Court concludes that HAMOC's state law claims are preempted by section 514(a) of ERISA under the 'reference to' standard") (internal quotations omitted).

Even if plaintiff's claims did not make "reference to" an ERISA plan, they would still be barred for bearing an impermissible "connection with" an ERISA plan. The Ninth Circuit has recognized that:

> if providers could use state contract law to bind insurers to their representations on verification and authorization calls regardless of plan rules on billing practices, benefits would be governed not by ERISA and the plan terms, but by innumerable phone calls and their variable treatment under state law. This is the type of discordant regime that ERISA's comprehensive pre-emption of state law was meant to minimize.

Bristol, 103 F.4th at 605 (internal quotations omitted).

Here, plaintiff seeks to bind defendant to an understanding, allegedly formed during VOB calls, that defendant would pay plaintiff the "reasonable value of services

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-03136-CAS-PDx | Date | July 8, 2024 |
|---|---|---|---|
| Title | Dedicato Treatment Center, Inc. v. Aetna Life Insurance Co. | | |

rendered." Compl. ¶ 18. It seeks $599,041.55 in damages, the difference between the amount that defendant paid pursuant to the Patients' plans and the total amount that plaintiff billed. Permitting plaintiff to pursue such claims would force courts to adjudicate whether all payments made to out-of-network providers are "reasonable," regardless of the terms and rates set forth in patients' plans. Accordingly, plaintiff's claims are barred because they bear an impermissible "connection with" ERISA plans. The Court **GRANTS** defendant's motion to dismiss.

### B. Failure to State a Claim

Because the Court finds that plaintiff's claims are barred under ERISA conflict preemption, it does not address defendant's other arguments regarding whether plaintiff's complaint fails to state a claim for relief.

### CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss. Plaintiff should file an amended complaint, if any, by July 23, 2024.

IT IS SO ORDERED.

|  | 00 : 14 |
|---|---|
| Initials of Preparer | CMJ |